IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK BILSKI<br>3876 Morgantown Road<br>Mohnton, PA 19540<br><br>   Plaintiff,<br> v.<br><br>EUROFINS LANCASTER<br>LABORATORIES INC.,<br>d/b/a Eurofins or Eurofins Scientific<br>2425 New Holland Pike<br>Lancaster, PA 17601<br><br>   Defendant. | CIVIL ACTION<br><br>No.: _____<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Mark Bilski (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Eurofins Lancaster Laboratories, Inc., *d/b/a* Eurofins or Eurofins Scientific (*hereinafter* referred to as "Defendant") of the Americans with Disabilities Act, as amended ("ADAAA" - 42 USC §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA"- 29 USC § 2601), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff will move to amend the instant Complaint to include violations of the PHRA after full administrative exhaustion before the Pennsylvania Human Relations Commission. Such claims will identically mirror Plaintiff's federal claims asserted herein under the ADA.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Western District of Pennsylvania.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address set forth in the caption.

7. Defendant Eurofins Lancaster Laboratories, LLC., *d/b/a* Eurofins or Eurofins Scientific, with headquarters located at the above-captioned address, provides comprehensive laboratory services for pharmaceutical and biopharmaceutical companies. Defendant provides testing services for all stages of the drug development process and supports all functional areas of bio/pharmaceutical manufacturing, including method development, microbiology, process validation and quality control.

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

10. Plaintiff was employed with Defendant as a Sample Administration Specialist at Defendant's Lancaster, Pennsylvania.

11. Plaintiff work for Defendant for approximately 1.5 years, from in or about December 10, 2018 until his unlawful termination (discussed further *infra*) on or about October 2, 2020.

12. Plaintiff was primarily supervised directly and indirectly (in hierarchal order) by, Kaitlyn Lukehart (Senior Specialist Group Leader), Taryn Aukamp (Manager Operations Support), Matt Wise (Sr. Manager Project Bio / Pharma Project Management) and Brian Wiggins (Director, Project Management, Inside Business Development, and Pricing).

13. Throughout his tenure with Defendant, Plaintiff was a hard-working employee who performed his job well.

14. Plaintiff has and continues to suffer from mental health disabilities, including. Anxiety and Major Depression (among other complications).

15. Because of Plaintiff's aforesaid health conditions, he is sometimes limited in his ability to perform major life activities such as, working, focusing, sleeping, and engaging in social interaction (among other daily life activities).

16. Despite Plaintiff's health conditions (discussed *supra*), he was still able to perform the duties of his job well; however, he did, at times, require reasonable accommodations, including but not limited to, block medical leave (FMLA-qualifying leave).

17. Towards the end of his employment with Defendant, Plaintiff began to have a flare-up of his aforesaid health conditions, which required him to take a block medical leave.

18. Plaintiff kept his managers appraised of his health conditions and need for leave and Plaintiff was able to apply for and obtain approval for leave under the Family Medical Leave.

19. The last day Plaintiff physically worked for Defendant was July 31, 2020. Plaintiff commenced a medical leave of absence beginning on or about August 3, 2020, to care for and treat his aforesaid serious health conditions.

20. Plaintiff was ultimately cleared to work by his medical practitioner(s) to resume working on (Monday) October 5, 2020 and communicated this to Defendant.

21. On or about September 28, 2020, Plaintiff participated in a telephone call with Defendant's management, including Lori Werner (Group Leader, Employee Relations, from Human Resources), Aukamp, and Wiggins. During this call, Plaintiff's return to work was discussed, as well as his health conditions. These management-level employees were clearly aware of Plaintiff's health situation and medical leave history. In fact, on this call, Defendant's management and Human Resources manager specifically brought up Plaintiff's health problems and Plaintiff having been suicidal previously.

22. During the call, Plaintiff indicated that he could probably benefit from some additional leave, but that he would be returning as he could not afford to stay out of work any longer and also because his doctor had cleared him to return. At no time during the call did Plaintiff ever indicate that he no longer wanted to work for Defendant, or that he was resigning his

employment. Although Defendant suggested on the call that Plaintiff resign from his employment, Plaintiff made clear that he had no intention of doing so and that he would be returning to work.

23.     It was clear from this call and other information provided that Plaintiff was to resume working on a full-time basis with Defendant on October 5, 2020 and the call ended with a clear understanding that Plaintiff would return to work on October 5, 2020 per his medical release and Plaintiff's intention to do so.

24.     However, On or about (Friday) October 2, 2020 (one business day prior to Plaintiff's scheduled return to work), Plaintiff was abruptly informed that he was terminated.

25.     During the October 2, 2020 call, Plaintiff was informed that he was terminated due to Plaintiff allegedly not wanting his job or to work for Defendant any longer. However, there is simply no dispute that Plaintiff was terminated for discriminatory and retaliatory reasons and in violation of the FMLA and ADAAA. It is clear that Defendant was simply attempting to twist Plaintiff's words to come up with a reason to terminate him due to his disabilities, requests for accommodations and FMLA-qualified medical leave since Plaintiff had never communicated that he did not want to work for Defendant or that he was not intending to come back. Defendant informed Plaintiff on the call that the decision was final even when Plaintiff explained that he had no intention of not returning to work and that he wanted his job.

26.     Following Plaintiff's termination, Defendant offered Plaintiff an unsolicited severance agreement asking Plaintiff for a full waiver of all claims against Defendant. Such actions on the part of Defendant are clear (additional) evidence of discrimination, retaliation, and pretext.[2]

---

[2] *See Staffieri v. Northwestern Human Servs.*, 2013 U.S. Dist. LEXIS 72115 at **14-15 (E.D. Pa. 2013)(an employer who offered severance at the time of termination when policies did not require upon condition of waiving claim supported finding of pretext among other facts); *Bartlett v. NIBCO Inc*., 2011 U.S. Dist. LEXIS 28072 (N.D. Ind. 2011)(finding that a severance agreement offered contemporaneously to when the employee was terminated was "probative on the issue of whether NIBCO's motive for terminating Bartlett was [false]."); *EEOC v. Republic Servs., Inc*., 640 F. Supp. 2d 1267 (D. Nev. 2009)(denying summary judgment and considering as evidence in wrongful

27. Plaintiff believes and therefore avers that he was terminated as a result of his actual/perceived/record of disabilities and in retaliation for requesting accommodations (including FMLA-qualifying leave).

28. Plaintiff further believes and therefore avers that he was terminated in violation of the FMLA.

## COUNT I
## Violations of the Family and Medical Leave Act ("FMLA")
### ([1] Retaliation & [2] Interference)

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

31. Plaintiff requested leave from Defendant, his employer, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

32. Plaintiff had at least 1,250 hours of service with Defendant during his last full year of employment.

33. Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

---

termination case that a company would offer severance when an employee is supposedly terminated in a manner that doesn't warrant severance per an explicit company policy); *Karl v. City of Mountlake Terrace*, 2011 U.S. Dist. LEXIS 59085 (W.D. Wash. 2011)(severance agreements are admissible in retaliation claims when made contemporaneous to termination, as they are not governed by Fed.R.Evid. 408); *Brandy v. Maxim Healthcare Servs., Inc.*, 2012 WL 5268365, at *2 (N.D. Ind. 2012)(holding that severance agreements offered at the time of termination do not fall under Rule 408 because they are offered before a dispute arises, regardless if the employer "anticipated the severance agreement curtailing any potential future litigation.").

34. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

35. Plaintiff was terminated in close proximity to his requests for/utilization of block FMLA-qualifying leave to care for and treat his serious health conditions.

36. Defendants committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave; (2) considering Plaintiff's FMLA leave needs in making the decision to terminate him; (3) terminating Plaintiff to intimidate him and/or prevent him from taking FMLA-qualifying leave in the future; (4) making negative comments and/or taking actions towards Plaintiff that would discourage, dissuade and/or chill a reasonable person's desire to request and/or take FMLA leave; (5) failing to reinstate Plaintiff to the same or similar position upon his return from FMLA leave.

37. These actions as aforesaid constitute violations of the FMLA.

**COUNT II**
**Violations of the Americans with Disabilities Act, as amended ("ADAAA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation)**

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Plaintiff properly exhausted his administrative remedies to proceed under the ADAAA because he timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the EEOC has issued Plaintiff his Notice of Right to Sue.

40. Plaintiff suffers from qualifying health conditions under the ADA (as amended) which affect his ability (at times) to perform some daily life activities, as described *supra.*

41. Plaintiff requested reasonable accommodations from Defendant, including but not limited to a medical leave of absence to treat and care for his health issues.

42. Defendant refused to allow Plaintiff to return to work following his medical leave and terminated him on October 2, 2020 and showed a significant degree of hostility towards his need for leave.

43. The foregoing conduct reflects that Defendant (1) terminated Plaintiff based on his actual and/or perceived health problems; (3) his record of impairment; and (4) in retaliation for his requested accommodations;

44. These actions as aforesaid constitute violations of the ADAAA.

**WHEREFORE**, Plaintiff requests that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F.	Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.


			Respectfully submitted,

			**KARPF, KARPF & CERUTTI, P.C.**

	By:	_Ari R. Karpf_____
		Ari R. Karpf, Esq.
		Julia W. Clark, Esq.
		3331 Street Rd.
		Two Greenwood Square, Suite 128
		Bensalem, PA 19020
		(215) 639-0801

Dated:  February 1, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Mark Bilski                                             :        CIVIL ACTION
    v.                                          :
                                                        :
Eurofins Lancaster Laboratories Inc., d/b/a Eurofins or Eurofins Scientific    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.         ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 2/1/2021 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __3876 Morgantown Road, Mohnton, PA 19540__

Address of Defendant: __2425 New Holland Pike, Lancaster, PA 17601__

Place of Accident, Incident or Transaction: __Defendants place of business__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __2/1/2021__   _____[signature]_____   ARK2484 / 91538
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[X] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
   *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
   *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __2/1/2021__   _____[signature]_____   ARK2484 / 91538
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BILSKI, MARK

### DEFENDANTS
EUROFINS LANCASTER LABORATORIES INC., D/B/A EUROFINS OR EUROFINS SCIENTIFIC

**(b)** County of Residence of First Listed Plaintiff: Berks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Lancaster
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____  DOCKET NUMBER: _____

DATE: 2/1/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

[Print] [Save As...] [Reset]